IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JEFFREY BELLO,

    Plaintiff,

v.

UNITED PAN AM FINANCIAL CORP,

    Defendant.

Civil No. 19-9118 (RBK/KMW)

**OPINION**

**KUGLER**, United States District Judge:

Presently before the Court is Plaintiff's Motion to Amend the Complaint (Doc. No. 25), which is opposed by Defendant. For the reasons set forth below, Plaintiff's Motion is **GRANTED** in part.

**I.    BACKGROUND**

    **A.  Factual Background**

Jeffrey Bello ("Mr. Bello") started working as an area manager for United Pan Am Financial Corp ("United Pan Am") in January of 2016. (Doc. No. 1, at ¶ 6). His job responsibilities required that he travel to auto dealerships within his assigned territory to service and solicit business from them. (*Id.* at ¶ 8). Approximately three months into his employment with United Pan Am, Mr. Bello suffered serious injuries when he was exposed to a toxic chemical in his work vehicle. (*Id.* at ¶ 9). He was re-exposed to this toxic chemical and suffered similar injuries on June 21, 2016. (*Id.* at ¶ 10). Both instances required hospitalization at Virtua Memorial Hospital. (*Id.* at ¶¶ 9–10). As a result of these chemical exposures, Mr. Bello now

suffers from "endocrine disruption in the brain; burning in the throat; digestive disruptions; a precancerous bladder; and swelling and severe muscle cramps." (*Id.* at ¶ 12).

On December 27, 2016, Mr. Bello informed United Pan Am's human resources manager, Melissa Regan, about the incidents, the nature of his medical problems, and that he now required accommodations. (*Id.* at ¶ 14). Three days later, during a conference call with Bruce Newmark, COO for United Pan Am, Gina Gervais, Director of HR, and David Cervasco, District Manager and Mr. Bello's direct supervisor, Mr. Bello informed them that he needed an accommodation or would be forced to go on disability. (*Id.* at ¶¶ 15–16). Mr. Bello was provided a flexible morning work schedule and did not take a leave of absence. (*Id.* at ¶¶ 17–18). He did file a disability claim, however. (*Id.* at ¶ 18).

On March 1, 2017, Mr. Cervasco informed Mr. Bello that he was being terminated due to "emails." (*Id.* at ¶ 23). Despite requests for clarification, United Pan Am failed to provide Mr. Bello with any further explanation. (*Id.* at ¶ 24). At the time of his termination, Mr. Bello was a top performing Area Manager for United Pan Am. (*Id.* at ¶ 25). Sometime thereafter, Mr. Bello sought unemployment compensation, which United Pan Am opposed on the ground that he was terminated due to "misconduct" relating to emails. (*Id.* at ¶ 26). During the unemployment hearing, a United Pam Am representative admitted that Mr. Bello did not violate their email policy. (*Id.* at ¶ 27). Ultimately, he received unemployment benefits. (*Id.* at ¶ 28).

**B. Procedural History**

Plaintiff filed a complaint against Defendant on February 22, 2019 in the Superior Court of New Jersey asserting a claim for disability discrimination in violation of the New Jersey Law Against Discrimination. (Doc. No. 1). On March 29, 2019, Defendant timely removed this case. (*Id.*). Defendant filed an answer to the complaint on April 19. (Doc. No. 8). Less than two

months later, Plaintiff's counsel moved to withdrawal. (Doc. No. 15). The motion was granted, and Plaintiff now proceeds *pro se*. (Doc. No. 22). On November 13, 2020, Plaintiff filed a motion to amend the complaint. (Doc. No. 25). Defendant opposes this motion as futile. (Doc. No. 28).

## II.     LEGAL STANDARD

### A.  Motion to Amend Pursuant to Rule 15

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 to ensure that claims will be decided on the merits rather than on mere technicalities. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Thus, motions for "leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir.2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Our Circuit defines "futility" as whether "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Adams v. Wells Fargo Bank*, N.A., No. 16-0907, 2017 U.S. Dist. LEXIS 212606 at *4 (E.D. Pa. Dec. 27, 2017). "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, given the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile. *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229

3

(E.D. Pa. 2012). Thus, the proposed amendment must be frivolous or advance a claim that is insufficient on its face. *Aruanno v. New Jersey*, No. Civ.A.06–296, 2009 WL 114556, at *2 (D.N.J. Jan. 15, 2009). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed.1990) (emphasis added).

## III. DISCUSSION

Plaintiff seeks to amend his complaint to add claims for retaliation under the NJLAD, defamation, and "wrongful denial of benefits," and to add allegations based on documents turned over during discovery which show that Defendant continually harassed him even after he was terminated. Defendant opposes the motion to amend as being futile because Plaintiff's defamation claim is barred by the litigation privilege, his "wrongful denial of benefits" claim falls within the exclusive jurisdiction of the New Jersey Workers Compensation Court, and his retaliation claim fails to pass muster under the pleading standards set forth in *Iqbal* and *Twombly*. Although Defendant must meet a high bar in opposing the motion to amend, it has managed to clear this hurdle for several of the proposed amendments.

### A. Defamation

In Plaintiff's brief, he seems to suggest that he wants to add the following allegation to his complaint in order to support a claim for defamation: on September 11, 2020, David Cervasco—Plaintiff's direct supervisor—falsely stated in a deposition that Mr. Bello was terminated for misconduct because he "continued [his] abusive type of communication[s] with almost every department in [the] company." Plaintiff has attached a portion of Mr. Cervasco's deposition an exhibit to his amended complaint. As Defendant correctly points out, Plaintiff's proposed allegation does not appear in his amended complaint but rather is in his brief. Based on

4

this mistake and the fact that generally a litigant cannot amend his complaint by way of brief, Defendant contends we must dismiss the defamation claim as futile because the allegations in the complaint are conclusory and fail to satisfy the elements of a prima facie case.

We decline to adopt Defendant's formalistic approach to this issue as it ignores the attached exhibit, the fact that Plaintiff proceeds *pro se*, and would be a needless exercise in futility. Instead, we will consider the attached exhibit in determining whether Plaintiff's defamation claim is futile.

Defendant first argues that Plaintiff's defamation claim is barred by the litigation privilege and therefore should be dismissed with prejudice because the alleged defamatory statement occurred during a deposition. The litigation privilege ensures that "[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability." *Rickenbach v. Wells Fargo Bank*, N.A., 635 F. Supp. 2d 389, 401 (D.N.J. 2009). The privilege is applicable to any communication: (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. *Rickenbach v. Wells Fargo Bank, N.A.,* 635 F. Supp. 2d 389, 401 (D.N.J. 2009).

We agree with Defendant's general conclusion that statements made during a deposition are shielded by the litigation privilege,[1] but Defendant says nothing about the last two elements of this doctrine. Considering it is Defendant's burden to prove that the privilege applies, and that it completely eschews any analysis of these two requirements, we cannot conclude that Plaintiff's defamation claim is barred by the litigation privilege at this time. *Cruz v. HSBC*, No.

---

[1] *See Rabinowitz v. Wahrenberger*, 406 N.J. Super. 126, 135 (App. Div. 2009).

CIV. 10-135 (JBS/JS), 2010 WL 2989987, at *2 n.6 (D.N.J. July 26, 2010) (explaining that privilege is not part of the prima facie case for defamation); *JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No. CV185221ESSCM, 2019 WL 1951123, at *8 (D.N.J. May 2, 2019) (noting the litigation privilege, as an affirmative defense, imposes a burden on the defendant of establishing that the privilege is "apparent from the face of the complaint.").

Defendant next argues that Plaintiff's defamation claim fails to satisfy the elements of the prima facie case. We agree. Because we find that Plaintiff has not sufficiently alleged damages with respect to his defamation claim, we need not address whether he has satisfied the publication element. To establish defamation under New Jersey law, a plaintiff must show defendant (1) made a false and defamatory statement concerning the plaintiff, (2) communicated the statement to a third party, (3) had a sufficient degree of fault; and (4) damages. *Cruz v. HSBC*, No. CIV. 10-135 (JBS/JS), 2010 WL 2989987, at *2 (D.N.J. July 26, 2010); *Robles v. U.S. Env't Universal Servs.*, Inc., 469 F. App'x 104, 109 (3d Cir. 2012). Regardless of whether Plaintiff is pursuing a slander or libel theory, he must prove damages. *Too Much Media, LLC v. Hale*, 413 N.J. Super. 135, 168 (App. Div. 2010) (noting the need to demonstrate damages is only waived when defamation is oral and can be categorized as slander per se).

Although at the motion to dismiss stage, we are not concerned with Plaintiff's ability to prove his allegations, even liberally construed, we cannot conclude he has sufficiently alleged damages. In both his brief and proposed amended complaint there is no allegation of harm, pecuniary or reputational, stemming from the alleged defamatory statement. Nor does the attached exhibit remedy this deficiency. Therefore, Plaintiff's defamation claim is futile and will be dismissed without prejudice because he has not sufficiently pled damages. *Too Much Media, LLC v. Hale*, 413 N.J. Super. 135, 169 (App. Div. 2010) (explaining that "[w]hile there was no

actual showing of loss of reputation, it was sufficient to defeat defendant's motion to dismiss to have simply alleged such damage.").

### B. New Jersey Workers' Compensation Claim

Plaintiff moves to amend his complaint in order to assert a claim for the "wrongful denial of benefits" arising out of Defendant's false statements denying that he was injured during the course of employment and withholding key documents. Although it is unclear on what legal basis Plaintiff's claim stands, we construe his proposed amendment as asserting a claim under the New Jersey Workers Compensation Act and for "workers' compensation fraud" pursuant to N.J.S.A. § 34:15–57.4. *Hines v. Rimtec Corp.*, No. CV 07-966-NLH-AMD, 2009 WL 10690507, at *4 (D.N.J. June 4, 2009) (explaining a plaintiff's claim for workers compensation fraud was based on the defendant's alleged failure to provide accident reports to its insurance carrier, and for delaying and denying the plaintiff's worker's compensation claim). Both are futile.

First, to the extent Plaintiff attempts to bring a claim for wrongful denial of benefits, which seems to masquerade more as an appeal rather than an initial claim, it is barred by the exclusivity provision of the New Jersey Workers' Compensation Act. *Gillespie v. Janey*, No. CIVA 2:09-CV-00885, 2010 WL 777954, at *4 (D.N.J. Mar. 5, 2010) (dismissing a workers' compensation claim because the Division of Workers' Compensation has exclusive original jurisdiction over all initial claims and appeals are to be taken directly to the Superior Court of New Jersey, Appellate Division); *see also Pue v. Charter Inc. BKA Int'l Housekeeping*, No. CV 17-5094-BRM-DEA, 2018 WL 1027451, at *2 (D.N.J. Feb. 23, 2018) (dismissing plaintiff's workers compensation claim because he failed to plead any facts which would satisfy the two exceptions for intentional wrongs under the Workers' Compensation Act).

Second, to the extent Plaintiff seeks to assert a claim for "worker's compensation fraud" based on "Defendant [withholding] verifying work injury documents from him for two and a half years" it is also futile because it is conclusory. N.J.S.A. § 34:15–57.4 provides in relevant part:

> a. A person shall be guilty of a crime of the fourth degree if the person purposely or knowingly . . . [m]akes a false or misleading statement, representation or submission . . . for the purpose of evading the full payment of benefits or premiums pursuant to R.S. 34:15–1 et seq.
> b. Any person who wrongfully . . . evades the full payment of benefits or premiums by means of a violation of the provisions of subsection a. of this section shall be civilly liable to any person injured by the violation for damages and all reasonable costs[.]

Plaintiff fails to explain how Defendant withholding documents from *him* caused his workers compensation claims to be denied. He says nothing about Defendant withholding documents from the insurance carrier or the administrative agency itself. *See Hines v. Rimtec Corp.*, No. CV 07-966-NLH-AMD, 2009 WL 10690507, at *4 (D.N.J. June 4, 2009) (denying a claim for workers' compensation fraud even when the plaintiff alleged his employer withheld accident reports from the insurance carrier because there was no further factual enhancement to support the claim).

Likewise, to the extent Plaintiff's claim could be construed as being based on the alleged alteration of the injury reporting date or the medical codes on the forms submitted to the insurance carrier, this claim is implausible. As Defendant points out, the injury reporting date on both forms is consistent—it was reported on April 4, 2016. What Plaintiff characterizes as the alleged injury reporting date is actually the date that the "Administrator" was notified. Moreover, although the two injury codes are different—the injury code on the New Jersey form is 01 while the injury code on the Pennsylvania form is 65—both list the type of injury as a respiratory disorder. Therefore, while Plaintiff claims the 01 reporting code means "no injury," we find this implausible. If Defendant intended to report that Plaintiff suffered no injury, they would not have

listed an injury type in the first place; it would have been left blank. Therefore, we would counsel Plaintiff against attempting to amend his complaint to add this allegation as it is clearly futile.

### C. Retaliation Claim[2]

Plaintiff seeks to amend his complaint to add an allegation that Mr. Cervasco contacted in house counsel seeking legal advice regarding Plaintiff's termination one day after he requested work accommodations. Defendant seeks to prevent Plaintiff from adding this allegation and allegations thirty-five through thirty-nine in the proposed amended complaint because it claims these allegations set forth post-employment conduct which cannot independently form the basis for a plausible claim for relief. Defendant cites several reasons why such allegations are implausible, two of which are persuasive.

First, we disagree with Defendant that N.J.S.A.§ 43:21–11(g) precludes Plaintiff from adding an allegation that "Defendant amended their basis for termination with the State of New Jersey to be a personality conflict." The basis for this allegation is a Notice of Determination sent from the New Jersey Department of Labor. N.J.S.A. § 43:21–11(g) "protects documents and information that were provided by either an *employer* or *employee*." *Paff v. New Jersey Dep't of Lab., Bd. of Rev.*, 379 N.J. Super. 346, 356 (App. Div. 2005) (emphasis added). Moreover, even if the allegation was based on a record that was protected by this statute, this would not preclude Plaintiff from giving such testimony based on his personal knowledge. *Centofanti v. Days Inn of Am., Inc.*, No. A-2018-09T3, 2011 WL 1433343, at *4 (N.J. Super. Ct. App. Div. Apr. 15, 2011).

---

[2] Plaintiff raises the continuing violation doctrine in his brief. It is unclear exactly how Plaintiff intends to use this theory and this Court is not sure it is relevant given that there is no argument that Plaintiff's retaliation claim is untimely. *Roa v. Roa*, 200 N.J. 555, 566 (2010) (explaining the continuing violation doctrine is an equitable exception to the statute of limitations).

Second, as we noted above, Defendant has failed to carry its burden with respect to the litigation privilege and therefore this will not preclude Plaintiff from amending his complaint to add an allegation based on Mr. Cervasco's deposition. Third, while post-employment acts can form the basis of a retaliation claim under the NJLAD, the acts need to be independently discriminatory and timely filed. *Roa v. Roa*, 200 N.J. 555, 567 (2010). In order to establish a prima facie claim for retaliation under the LAD, plaintiff must demonstrate: (1) that she engaged in protected activity; (2) the activity was known to the employer; (3) plaintiff suffered an adverse employment decision; and (4) there existed a causal link between the protected activity and the adverse employment action. *Young v. Hobart W. Grp.*, 385 N.J. Super. 448, 465 (App. Div. 2005). As Defendant correctly points out, Plaintiff's allegation that Defendant denied him health insurance coverage is conclusory at best and fails to plead enough facts to plausibly suggest a causal link between his complaint and the denial of coverage. This same reasoning applies to Plaintiff's allegation that Defendant "withheld verifying work injury documents" from him. There is no non-conclusory allegation that explains how the withholding of work injury documents prevented him from receiving monetary or health insurance benefits.

Lastly, we will allow Plaintiff to amend the complaint to add an allegation based on the fact that Mr. Cervasco contacted in house counsel seeking legal advice regarding Plaintiff's termination one day after he requested work accommodations. This is clearly relevant to Plaintiff's retaliation claim under the NJLAD.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend is granted in part. An appropriate order follows.

Dated: 6/21/2021                                                    /s/ Robert B. Kugler
                                                                                ROBERT B. KUGLER

United States District Judge