[ECF No. 83]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JEFFREY M. BELLO,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED PAN AM FINANCIAL CORP.,<br>d/b/a UNITED AUTO CREDIT CORP.,<br><br>        Defendant. | Civil No. 19-9118<br>(CPO/MJS) |

**MEMORANDUM OPINION & ORDER**

    This matter comes before the Court upon the motion filed by pro se plaintiff Jeffrey M. Bello ("Plaintiff") seeking partial reconsideration ("Motion") [ECF No. 83] of the Court's November 29, 2022 Opinion and Order [ECF No. 78] that granted in part and denied in part defendant United PanAm Financial Corporation's ("PanAm" or "Defendant") motion to file an amended answer. The Court has received and reviewed Defendant's brief in opposition to Plaintiff's Motion [ECF No. 89] and Plaintiff's reply brief [ECF No. 90]. The Court exercises its discretion to decide the Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiff's Motion is **DENIED**.

    Plaintiff argues in his Motion that the Court erred in granting Defendant leave to amend its answer to (1) specify in two factual responses the entity that Defendant argues was Plaintiff's

1

employer [ECF No. 83-1 at 5-6[1]] and (2) include an after-acquired evidence defense [Id. at 6-7, 9-11].

**DISCUSSION**

"'The purpose of a motion for reconsideration' . . . 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). District courts typically grant motions for reconsideration in one of three circumstances: (i) to consider newly discovered or otherwise previously unavailable relevant evidence; (ii) to revise a previously issued ruling in light of an intervening change in controlling law; or (iii) to correct obvious errors of law or fact or to prevent manifest injustice. See, e.g., Max's Seafood Café, 176 F.3d at 677; Abadi v. Marina Dist. Dev. Co., LLC, Civ. No. 22-0314, 2023 WL 1822632, at *1 (D.N.J. Feb. 8, 2023). "A litigant's mere disagreement with a court's prior decision is not an appropriate basis for such a motion." Abadi, Civ. No. 22-0314, 2023 WL 1822632, at *1 (citing Banda v. Corzine, Civ. No. 07–04508, 2008 WL 58824, at *1 (D.N.J. Jan. 3, 2008)).

Plaintiff's brief identifies no intervening change in law that would serve as a basis for the Court to reconsider its earlier

---

[1] The Court will refer to the ECF page number for the citations in this Opinion and Order.

opinion. Therefore, for the Court to grant Plaintiff's Motion, he must demonstrate that there is newly discovered or otherwise previously unavailable relevant evidence, or that there has been an obvious error or manifest injustice in the prior opinion. Plaintiff fails to do so; instead, Plaintiff repeats the same arguments he made in opposition to Defendant's motion for leave to amend. Accordingly, Plaintiff's Motion must be denied.

Factual Allegations

The Court permitted Defendant to amend paragraphs 27 and 28 of its answer to specify that Plaintiff's employer was United Auto Credit Corporation ("UACC"), not Defendant.[2] Other factual allegations in Defendant's answer already included this same specification. ECF No. 39 ¶¶ 3-4.

As the Court has already explained, Defendant has taken the position that UACC employed Plaintiff since it removed this case to federal court [ECF No. 1 at 2 n. 1] and in its answer to Plaintiff's original complaint [ECF No. 8 ¶¶ 3-4] and in its answer to Plaintiff's amended complaint [ECF No. 39 ¶¶ 3-4]. This is also one of Defendant's affirmative defenses [ECF No. 8 at 6; ECF No. 39 at 8]. See also ECF No. 78 at 13-15, 24-26.

Plaintiff argues in his Motion that two documents show that Defendant employed Plaintiff, not UACC. ECF No. 83-1 at 5-6. Both

---

[2] UACC is a subsidiary of Defendant. ECF No. 65-3 at 1.

3

documents, attached as Exhibits 2 and 3 to Plaintiff's Motion, contain correspondences from Defendant's workers' compensation carrier, Chubb, to Defendant, including "a copy of the first report of injury notification that was reported to the Worker's Comp unit." ECF Nos. 83-3; 83-4. The cover letters to each of these correspondences from Chubb list "United PanAm Financial Corp" as the "Insured." ECF Nos. 83-3 at 1; 83-4 at 1. Both injury notification reports list "United PanAm Financial Corp" as Plaintiff's "Employer." ECF Nos. 83-3 at 3; 83-4 at 2. Therefore, Plaintiff argues, it is "indisputable" that Defendant was Plaintiff's employer, so the two factual allegations that asserted that UACC was Plaintiff's employer should not have been permitted. ECF No. 83-1 at 6.

This is the same argument that Plaintiff made in opposition to Defendant's motion for leave to amend. ECF No. 70 at 17. In considering that motion, the Court examined a variety of documents that Plaintiff attached to his brief and on which he relied to argue that the Court should not allow Defendant to make these two factual revisions because Defendant employed Plaintiff, not UACC. See ECF No. 78 at 24-25. Notably, Exhibit 8 [ECF No. 70-8] filed with Plaintiff's original opposition brief is the same document identified as Exhibit 3 in this Motion [ECF No. 83-4]. Therefore, this is not newly discovered evidence or a document that the Court has not already considered. As the Court already explained, UACC

and PanAm appear to be used interchangeably in official documents. ECF No. 78 at 25. However, the Court found it was not futile for Defendant to amend factual allegations in its answer to be consistent with what it had previously asserted in that same answer and since the beginning of this case – that UACC employed Plaintiff. Just because the Court permitted Defendant to amend these factual responses in its answer does not mean that the Court is also deciding which entity employed Plaintiff.

Accordingly, the Court denies Plaintiff's motion for reconsideration as it relates to the Court permitting Defendant to revise two factual responses in its answer.

### After-Acquired Evidence Defense

The Court also permitted Defendant to amend its answer to include an after-acquired evidence defense.[3] ECF No. 78 at 19. Defendant discovered during an employee's deposition that Plaintiff had recorded a phone call with certain of Defendant's employees without the knowledge of those employees. Id. at 9, 19.

---

[3] As the Court previously explained, "If, during an unlawful termination or employment discrimination lawsuit, the defendant-employer discovers evidence of the plaintiff-employee's misconduct, which constitutes an independent, 'lawful and legitimate ground[]' for that employee's termination, the defendant-employer can present this 'after-acquired evidence' to show that the defendant-employer would have terminated the plaintiff-employee anyway because of his misconduct if the defendant-employer had known about it." ECF No. 78 at 8 (citing McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362-63 (1995)).

Defendant argued that this surreptitious recording was violative of the company's honor code and that had Defendant known about that conduct at the time, Plaintiff would have been terminated. Id. The Court found that Defendant sufficiently demonstrated the elements of the after-acquired evidence defense to warrant amending the answer to include it. Id. at 19.

Plaintiff argues in his Motion that the phone call did not violate California's recording law,[4] so the defense is invalid. ECF No. 83-1 at 6, 9-12. This is the same argument that Plaintiff raised in opposition to Defendant's motion for leave to amend to add this defense. ECF No. 70 at 13-16. The Court reinforces now that this defense is not predicated on the violation of a law; all a defendant has to show to assert this defense is that post-termination, it learned that a plaintiff committed misconduct while still employed that would have served as an independent and "lawful and legitimate ground" for that employee's termination. Mardell v. Harleysville Life Ins. Co., 65 F.3d 1072, 1073-74 (3d Cir. 1995). The Court did not rely on CIPA as a basis for finding that Defendant sufficiently asserted the elements of this defense, so Plaintiff's arguments are inapposite. Again, by allowing Defendant to assert this defense does not mean that the Court made a finding on the merits of the defense; Plaintiff may challenge

---

[4] Plaintiff cites the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7.

the merits of the defense at a later time.

In sum, the Court finds that Plaintiff has not presented the Court with any "newly discovered or otherwise previously unavailable relevant evidence" that impacts the Court's earlier decision, nor has Plaintiff shown that denial of reconsideration would result in an "an obvious error or manifest injustice."

Accordingly, **IT IS** on this **19th** day of **July 2023**,

**ORDERED** that Plaintiff's motion for partial reconsideration [ECF No. 83] of the Court's Opinion and Order [ECF No. 78] is **DENIED.**

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn
     United States District Judge