[ECF No. 88]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JEFFREY M. BELLO,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED PAN AM FINANCIAL CORP.<br>d/b/a UNITED AUTO CREDIT CORP.,<br><br>        Defendant. | Civil No. 19-9118<br>(CPO/MJS) |

**OPINION & ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT**

This matter comes before the Court upon the motion filed by pro se plaintiff Jeffrey M. Bello ("Plaintiff") seeking leave to file a second amended complaint [ECF No. 88]. The Court has received and reviewed Plaintiff's submission, the brief in opposition filed by defendant United PanAm Financial Corporation ("Defendant") [ECF No. 94], and Plaintiff's brief in reply [ECF No. 95]. The Court exercises its discretion to decide the Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiff's Motion is **DENIED**.[1]

Plaintiff seeks to add the following claims to his complaint

---

[1] The Court incorporates the factual and procedural background of the case summarized in its November 29, 2022 opinion and order granting in part and denying in part Defendant's motion to amend its answer. ECF No. 78 at 1-7.

1

based on alleged "newly acquired evidence": (1) continuing retaliation, (2) civil conspiracy, (3) spoliation of evidence, and (4) violations of the State of New Jersey's Title 34 Statutes. ECF No. 88-1 at 6.

The Court's initial scheduling order in this case set the deadline by which the parties could "seek amendments to the pleadings or to add new parties" as October 11, 2019. ECF No. 10 ¶ 4. The Court never extended this deadline in its various amended scheduling orders entered thereafter. See ECF Nos. 12, 13, 47.

The Court notes that Plaintiff filed a motion for leave to amend his complaint on November 13, 2020, over a year after the Court's deadline to do so had passed. However, the Court did not address Federal Rule of Civil Procedure 16(b)(4)'s ("Rule 16(b)(4)") good cause requirement[2] in its June 22, 2021 opinion granting in part and denying in part the motion [ECF No. 33] because Plaintiff was given leave to file the motion after Plaintiff's counsel withdrew and Plaintiff began proceeding pro se. See ECF No. 24. No such leave was granted to Plaintiff to file this Motion.[3]

---

[2] Where a party moves to amend after the deadline to do so in the scheduling order has passed, the Court must first address the "good cause" standard of Rule 16(b)(4). Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020).

[3] The Court also notes that the Court granted Defendant leave to file a motion for leave to amend its answer and plead a counterclaim at the March 30, 2022 status conference. ECF No. 64.

2

Accordingly, even though Plaintiff fails to address it in his Motion,[4] the Court must first address Rule 16(b)(4). "A party must meet this standard before a district court considers whether the party also meets [Federal] Rule [of Civil Procedure] 15(a)'s more liberal standard." Premier Comp Sols., 970 F.3d at 319.

Whether "good cause" exists under Rule 16 depends in large part on the diligence, or lack thereof, of the moving party. See GlobespanVirata, Inc. v. Texas Instruments, Inc., Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting Rent-A-Ctr. v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)); Premier Comp Sols., LLC, 970 F.3d at 319. When examining a party's diligence, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. See Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (affirming trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment); Kennedy v.

---

Therefore, the Court did not need to address Rule 16(b)(4) in its opinion and order granting in part and denying in part that motion, despite the motion being filed past the original scheduling order deadline to amend pleadings. See ECF No. 78 at 11-12.

[4] Plaintiff does, however, address the rule in his reply to Defendant's opposition. ECF No. 95 at 9-10.

3

City of Newark, Civ. No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."); Stallings ex rel. Estate of Stallings v. IBM Corp., Civ. No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline."). It is Plaintiff's burden to present the Court with adequate evidence that it acted with due diligence. See Monaco v. City of Camden, 366 F. App'x 330, 334 (3d Cir. 2010).

The Court finds that Plaintiff has not demonstrated that good cause exists to consider his Motion. Plaintiff's Motion is predicated on alleged "newly acquired evidence," purportedly received in 2022, however Plaintiff's past filings in this case demonstrate that Plaintiff has been in possession of many of these documents well prior to filing this Motion (and some even as early as when he filed his first motion to amend in 2020).[5] Additionally,

---

[5] For example, Plaintiff argued in his first motion to amend that Defendant failed to provide Plaintiff with Exhibit B [ECF No. 25-3] (Defendant's Pennsylvania First Notice of Injury form submitted to Chubb), which plaintiff argued "clearly states that the Plaintiff herein was injured during the course of his employment; that the employer did not doubt the validity of the claims; and that the 'Employee (plaintiff) *has suffered over 8 months and is still getting treatment for his injuries*'." ECF No. 25-1 at 3 (emphasis in original).
   In the current Motion, Plaintiff similarly argues that "newly

4

many of the claims Plaintiff now seeks to add (continuing retaliation and violations of New Jersey workers' compensation statutes) were already the subject of his November 13, 2020 motion to amend [ECF No. 25], which this Court granted in part and denied in part on June 22, 2021.[6] ECF Nos. 33-34. Further, one of the additional claims Plaintiff seeks to add in the current Motion (civil conspiracy) is based on the same underlying factual allegations in Plaintiff's original and amended complaints.[7] Thus,

---

acquired evidence" produced to him in 2022 "included correspondence between the Defendants (herein) and their Workman's Compensation insurance carrier," which he argued "verified that the Plaintiff was, in fact, indisputably injured during the course of employment. . . ." ECF No. 88-1 at 6 (emphasis in original). However, Plaintiff references generally the same document in both motions to make this identical argument. While the exhibit attached to this motion includes the email confirmation header acknowledging receipt by the insurance carrier, it is substantively the same document he referenced in his previous motion. Therefore, this document could not have been "newly acquired" to warrant the addition of this claim now. Compare ECF No. 25-3 (Exhibit B to First Motion to Amend) with ECF No. 88-5 (Exhibit D to the Current Motion to Amend). Regardless, the Court finds that the version attached to the current Motion was provided by Defendant to Plaintiff on October 1, 2021, which is well over a year before he filed this Motion. See Pazdzierski Cert. Exhibits D, E, and F [ECF No. 94-1].

Additionally, the allegedly "newly acquired" New Jersey Workers' Compensation First Injury Report has also been in Plaintiff's possession since he filed his first motion for leave to amend the complaint. Compare ECF No. 88-6 with ECF No. 25-5.

[6] For example, the Court already addressed and rejected Plaintiff's "continuing retaliation" claim and at least two of the workers' compensation claims Plaintiff seeks to add in the current Motion.

[7] Plaintiff's "civil conspiracy" claim alleges that Defendant conspired with Mr. Cevasco and Mr. Newmark to terminate him. However, the facts underlying this claim are already in Plaintiff's

5

Plaintiff has not demonstrated the production of new evidence to justify the Court's re-addressing of these claims now.

Although no good cause exists to consider Plaintiff's Motion at this time, and the Court can stop its analysis here, the Court notes that all of Plaintiff's proposed claims, as pled, are futile, thus creating a separate basis on which the Court denies Plaintiff's Motion. The Court will address each proposed claim in turn.

Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)") states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny a party's leave to amend a pleading "where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)). An amendment is considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J.

---

first amended complaint. Compare ECF No. 88-4 ¶¶ 9-59 with ECF No. 37 ¶¶ 9-59.

6

1990).

### Continuing Retaliation

Plaintiff appears to base his proposed "continuing retaliation" claim on the allegation that Defendant withheld certain workers' compensation documents from him, that, had they been provided sooner, would have entitled him to workers' compensation benefits that he was denied.[8] ECF No. 88-1 at 5-6.

Judge Kugler already addressed this claim in his June 2021 opinion on Plaintiff's first motion to amend. See ECF No. 33. First, the Court called into question the applicability of the continuing violation doctrine in this case at all, noting, "Plaintiff raises the continuing violation doctrine in his brief. It is unclear exactly how Plaintiff intends to use this theory and this Court is not sure it is relevant given that there is no argument that Plaintiff's retaliation claim is untimely. Roa v. Roa, 200 N.J. 555, 566 (2010) (explaining the continuing violation doctrine is an equitable exception to the statute of limitations))." Id. at 9 n. 2. Therefore, to the extent that Plaintiff again proposes continuing retaliation as a standalone

---

[8] Plaintiff alleges that Defendant committed "'continued retaliation' after the wrongful termination, through falsification, and withholding of entitled documents to delay and ultimately deny Plaintiff his entitled Workman's Compensation claims benefits[.]" ECF No. 88-1 at 6.

7

claim, this claim is futile.[9]

Liberally construing Plaintiff's proposed "continuing retaliation" claim as simply a "retaliation" claim, Judge Kugler also previously rejected Defendant's alleged withholding of workers' compensation documents as a basis for that claim. The Court found that Plaintiff failed to include a "non-conclusory allegation that explains how the withholding of work injury documents prevented him from receiving monetary or health insurance benefits."[10] ECF No. 33 at 10. Plaintiff has not sufficiently articulated this allegation any further in the current Motion, so the Court rests on Judge Kugler's earlier opinion that this claim is futile.

Civil Conspiracy

Plaintiff alleges that Defendant conspired with two of its employees, Bruce Newmark and David Cevasco, to terminate him.[11] ECF

---

[9] The Court notes that Defendant has not specifically argued in opposition to Plaintiff's Motion that Plaintiff's retaliation claim is untimely. ECF No. 94.

[10] The Court also denied Plaintiff's proposal to add a retaliation claim based on the allegation that Defendant denied him health insurance coverage. The Court did allow, however, Plaintiff to amend the complaint to add an allegation that "Mr. Cervasco [sic] contacted in house counsel seeking legal advice regarding Plaintiff's termination one day after he requested work accommodations," finding such allegation relevant to Plaintiff's retaliation claim under the New Jersey Law Against Discrimination. ECF No. 33 at 10.

[11] Plaintiff argues, "The evidence now in-hand, reveals that Defendants' COO, Bruce Newmark, *first* created a fictitious report

No. 88-1 at 10. Although Plaintiff did not assert this claim in his first motion to amend, the evidence on which Plaintiff relies to assert this claim was known to Plaintiff (and the Court) at the time of the first motion.

In support of this proposed claim, Plaintiff references the email of Mr. Cevasco seeking guidance from Defendant's corporate counsel the day after Plaintiff requested a work accommodation. ECF No. 88-1 at 15. This was the basis on which the Court permitted Plaintiff to add a retaliation allegation to his complaint in June 2021. ECF No. 33 at 10. Additionally, in the current Motion, Plaintiff cites Mr. Newmark's 2021 deposition testimony to argue that "Mr. Cevasco was not working alone. Cevasco was working in concert with Defendants' COO Bruce Newmark to terminate the Plaintiff; under the guidance and direction of Defendants' internal Counsel Mr. Krogh . . . " ECF No. 88-1 at 15. Mr. Newmark's deposition testimony has been brought to the Court's attention by Plaintiff prior to the filing of the current Motion [ECF Nos. 66-

---

for termination based on the Plaintiff's work performance <not any type of poor attitude or personality issue>, on or about 12/28/2016; but after consultation with Defendants' David Cevasco (as detailed in the attached email herein ***Exhibit G***), decided not to pursue that unsupported plan. Defendants' employees (David Cevasco and Bruce Newmark, et al) conspired thereafter, instead, to falsely accuse the Plaintiff of not being in his work territory during normal working hours, and only changed course with their ***second*** *false accusation* after Plaintiff exposed their elicit plan on the night of 12/29/2016." ECF No. 88-1 at 10 (emphasis in original).

9

7; 66-9], as have emails exchanged between Mr. Cevasco and Mr. Newmark [ECF Nos. 66-5; 70-5].

Notwithstanding whether Plaintiff acted diligently in bringing this claim, which he has not, the Court finds that this proposed claim, as pled, is futile because "[a] corporation and its employees are not separate persons for the purpose of civil conspiracy, and a conspiracy cannot exist in the absence of two or more persons acting in concert." Powell v. Verizon, Civ. No. 19-8418, 2019 WL 4597575, at *13 (D.N.J. Sept. 20, 2019) (quoting Marjac, LLC v. Trenk, 2006 WL 3751395 (D.N.J. Dec. 19, 2006); Nat'l Auto Div., LLC v. Collector's All., Inc., Civ. No. A-3178, 2017 WL 410241 (N.J. App. Div. Jan. 31, 2017)). "[A] corporation cannot as a matter of law conspire civilly with its employees." Id. Accordingly, Plaintiff's proposed claim, as pled, is futile.

Spoliation of Evidence

Plaintiff argues that Defendant's December 21, 2022 letter, in which counsel advised Plaintiff that Defendant does not possess certain documents requested by Plaintiff in discovery, constitutes spoliation of evidence. ECF No. 88-1 at 13. Specifically, Plaintiff alleged that Defendant admitted it "no longer possess[es] the Plaintiff's signed hiring agreements . . ., and the Plaintiff's personnel files" and that Defendant failed to produce the "affidavit of injury," which was prepared by Ms. Gervais, one of Defendant's employees, after a call with Plaintiff on January 4,

10

2017, and was sent to Plaintiff. Id.

To the extent that "spoliation of evidence" is even a standalone claim that can be added to a complaint, see MaxLite, Inc. v. ATG Elecs., Inc., Civ. No. 15-1116, 2021 WL 4520418, at *9 (D.N.J. Oct. 4, 2021), the Court finds that any such claim would be futile because Plaintiff has not asserted, in the proposed amended pleading, any non-conclusory allegations to sufficiently assert spoliation.

Moreover, the Court cannot find, on this record, that there has been either (1) the "destruction or significant alteration" of physical or tangible evidence or (2) the true loss of ESI (i.e., not recoverable elsewhere), see Bistrain v. Levi, 448 F. Supp. 3d 454, 465 (E.D. Pa. 2020), because Plaintiff has attached some of the alleged spoliated evidence to his various filings in the case.

For example, Plaintiff has provided electronically signed copies of two of Defendant's "onboarding" or "hiring agreements" – the "Other Disclosures, Acknowledgments & Authorizations Regarding Background Investigation For Employment Purposes" form [ECF No. 70-15; ECF No. 75-1] and the "Disclosure And Authorization Regarding Background Investigation For Employment Purposes" form [ECF No. 70-16; ECF No. 75-2]. Plaintiff has also provided copies of two pages of Defendant's "employee handbook." See ECF Nos. 70-7; 70-17. As for the allegedly spoliated "affidavit of injury," Plaintiff acknowledges in the current Motion that one of

11

Defendant's employees sent the affidavit of injury to him and he sent a signed version of that document back to her. This leads the Court to believe that Plaintiff has (or had) this document in his possession. ECF No. 88-1 at 13. Evidence cannot be spoliated, by definition, if there is an alternative source of that same evidence. See Bistrian, 448 F. Supp. 3d at 465 ("[B]ecause ESI 'often exists in multiple locations,' spoliation occurs only where the information is truly lost and not recoverable elsewhere."). Therefore, the Court finds that Plaintiff's proposed spoliation claim, as pled, is futile.

Violation of New Jersey Workers' Compensation Statutes

Plaintiff alleges Defendant violated N.J.S.A. §§ 34:15-96; 34:15-7; 34:15-39.1; 34:15-57.4; 34:15-71; 34:15-85; 34:6A-40; 34:15-28.1; 34:15-39.3; and 34:15-128.4. ECF No. 88-1 at 11.

First, the Court notes that in its opinion granting in part and denying in part Plaintiff's first motion to amend [ECF No. 33], Judge Kugler already denied Plaintiff's proposed claim for "wrongful denial of benefits" as futile. The Court noted that the claim seemed to "masquerade more as an appeal rather than an initial claim" and found that it was "barred by the exclusivity provision of the New Jersey Workers' Compensation Act." Id. at 7. The Court also denied Plaintiff's proposed claim for "workers' compensation fraud" pursuant to N.J.S.A. § 34:15-57.4 as futile, finding the underlying allegations "conclusory" and "implausible."

12

Id. at 8.

To the extent they have not been already addressed by Judge Kugler in his opinion on Plaintiff's first motion to amend, and to the extent a private cause of action even exists under each statute,[12] the Court finds that these proposed statutory violations are barred by the New Jersey Workers' Compensation Act. "The Division of Workers' Compensation shall have the exclusive original jurisdiction of all claims for workers' compensation benefits under this chapter." N.J.S.A. § 34:15-49. "This chapter," as stated in N.J.S.A. § 34:15-49, refers to Chapter 15 of the New Jersey Annotated Statutory Code, in which most of the statutes that Plaintiff argues in his Motion Defendant violated are.[13] See

---

[12] For example, Plaintiff argues that Defendant violated N.J.S.A. § 34:15-96 by failing to notify the New Jersey Department of Labor of his injuries within three weeks of Plaintiff notifying Defendant of his injuries. ECF No. 88-1 at 19. Not only does Plaintiff misread what the statute requires (the statute requires the insurance carrier to file a report with the Division of Workers' Compensation within three weeks of being notified of an injury by an employer), but also N.J.S.A. § 34:15-101 gives standing to "the commissioner of labor in the name of the state of New Jersey" to pursue any alleged violation of the statute. Accordingly, Plaintiff does not have standing to bring such a claim.
  Additionally, as for Plaintiff's proposed claim that Defendant violated N.J.S.A. § 34:6A-40, which is not under the exclusive jurisdiction of the New Jersey Workers' Compensation Act, the Court notes that the Commissioner of Labor has enforcement authority. See N.J.S.A. § 34:6A-41. Thus, Plaintiff would not have standing to bring a claim under this statute either.

[13] Plaintiff claims that Defendant violated N.J.S.A. § 34:6A-40, which is not in Chapter 15, but as the Court explained in note 12, supra, there is no private cause of action for individuals under that statute.

13

also Gillespie v. Janey, Civ. No. 09-0885, 2010 WL 777954, at *4 (D.N.J. Mar. 5, 2010).

Regardless, to the extent that any of these alleged statutory violations are even justiciable in this Court, and to the extent that Plaintiff even has standing to pursue them, the Court notes that Plaintiff does not provide any non-conclusory allegations sufficient to assert these alleged statutory violations. See, e.g., ECF No. 88-1 at 24 ("Defendants have violated NJSA 34:15-39.1."). Plaintiff in large part states the text of each statute with no supporting factual evidence of Defendant's conduct to support a claim. See ECF No. 88-4 at ¶¶ 90-98. Accordingly, the Court finds each of these alleged statutory violations futile.

In conclusion, Plaintiff has not demonstrated any good cause pursuant to Rule 16(b)(4) for the Court to consider the Motion past the scheduling order deadline, particularly in light of this Court already granting in part and denying in part Plaintiff's first motion for leave to file an amended complaint [ECF No. 33]. Further, even if Plaintiff had demonstrated good cause, the Court

---

Plaintiff also seemingly relies on N.J.S.A. § 34:21-6 as a basis for this Court's jurisdiction for many of his workers' compensation claims. ECF No. 88-1 at 7, 17-18. First, the Court notes that that statute is in Chapter 21 of the New Jersey Statutory Annotated Code, not Chapter 15. Second, as Defendant explains in its opposition brief to Plaintiff's Motion, this statute only applies to "plant closings, transfer, mass layoffs." It is part of a statute titled, "Millville Dallas Airmotive Plant Job Loss Notification Act." N.J.S.A. § 34:21-1 to -7. Thus, this statute is inapplicable in this case.

14

finds that each of Plaintiff's proposed amendments are futile under Rule 15(a)(2).[14]

Accordingly, **IT IS** on this **24th day** of **August 2023**,

**ORDERED** that Plaintiff's Motion [ECF No. 88] is **DENIED**; and it is further

**ORDERED** that the Court will address the pending discovery disputes [ECF Nos. 85, 87] in a separate Order and thereafter set final scheduling deadlines for the case.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc:   Hon. Christine P. O'Hearn
      United States District Judge

---

[14] Defendant argues that it would be prejudiced if the Court grants Plaintiff's Motion because that would "require the parties to re-open discovery, including the need for additional written and third-party discovery, as well as depositions, as Bello seeks to implicate Defendant for conduct in which its workers' compensation carrier, Chubb, purportedly engaged in an administrative forum. This result would require Defendant to engage in two separate discovery periods for a single litigation." ECF No. 94 at 28.

The Court agrees that granting Plaintiff's Motion at this juncture would result in prejudice to Defendant. Although discovery is not yet closed in this case, the Court permitted the parties to brief one final set of discovery disputes [ECF No. 81], of which there have been many in this case. After the Court resolves these final issues, discovery shall close, and the parties will be ready to file dispositive motions. To grant Plaintiff leave to add new claims to the complaint at this stage, notwithstanding their futility, would unduly delay the resolution of this case.