UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. BELLO<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED PAN AM FINANCIAL CORPORATION, d/b/a UNITED AUTO CREDIT CORPORATION,<br><br>           Defendant. | No. 1:19-9118<br><br>**OPINION** |

**APPEARANCES:**

Jeffrey M. Bello
143 E. Warren Street
Edgewater Park, NJ 08010

    *Pro se Plaintiff*

Jennifer Ivy Fischer
Jillian Lee Szymonifka
Keith J. Rosenblatt
LITTLER MENDELSON, PC
One Newark Center, 8th Floor
Newark, NJ 07102

    *On behalf of Defendant*

**O'HEARN, District Judge.**

    **I.**    **INTRODUCTION**

This matter comes before the Court on Defendant United Pan Am Financial's Motion for Summary Judgment (ECF No. 109), Plaintiff's Motion for Summary Judgment (ECF No. 110), and Plaintiff's Motion to Strike (ECF 114). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendant United Pan Am Financial's Motion for

1

Summary Judgment (ECF No. 109) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (ECF No. 110) and Plaintiff's Motion to Strike (ECF 114) are **DENIED**.

## II. BACKGROUND

In January 2016, United Auto Credit Corporation ("UACC"), a subsidiary of United Pan Am Financial Corporation, hired Plaintiff as an Area Manager for its Philadelphia Region.[1] (Defendant's Statement of Undisputed Material Facts ["Def. SUMF"], ECF No. 109-2 at ¶¶ 1, 5). In this role, "Plaintiff's job was to provide customer service to car dealerships, and develop business." (Id. at ¶ 6). Plaintiff worked throughout the Philadelphia suburbs, working out of his car. (Id. at ¶ 7). He spent 90% of his time working in Pennsylvania. (Id.). He spent the other 10% of his time working out of his home in New Jersey. (Id.). Although Plaintiff was initially assigned three New Jersey car dealerships, they were deactivated in 2016, meaning UACC did not work with them. (Id. at ¶ 8). UACC does not have a New Jersey office. (Id. at ¶ 95).

UACC is a California corporation with a principal place of business in California. (Id. at ¶ 1). At the time of his termination, Plaintiff reported to the UACC Division Manager, David Cevasco, who worked from home in Ohio. (Id. at ¶ 12). With respect to his termination, "the employment decisions at issue [were] made by California, Texas, and Ohio employees and residents." (Id. at ¶ 95).

Plaintiff was terminated on March 1, 2017, and was advised that his termination was "due to the continued abusive type of communication with almost every department in our company,

---

[1] Defendant states that UACC was Plaintiff's employer, not United Pan Am Financial Corporation, although United Pan Am Financial Corporation is the named Defendant. (Def. Br., ECF No. 109-1 at 7 fn. 1 ("Since the start of this case, United has maintained that UACC, not United, was Plaintiff's employer. For purposes of summary judgment only, United is not pressing that argument as a basis for dismissal, but reserves the right to do so if this case proceeds past summary judgment, which it should not.").

2

even after several discussions and warnings to stop it, it has been decided that today is going to be your last day with United Auto Credit." (Id. at ¶ 80). Plaintiff alleges that he was terminated due to his alleged medical issues and disability. (Plaintiff's Statement of Undisputed Material Facts ["Pl. SUMF"], ECF 111 at ¶ 21 ("Defendants' actions to wrongfully terminate the Plaintiff where motivated by Defendants trying to save money, due to Defendants [sic] misperception that Plaintiff was going to be fully disabled soon.")). These medical issues are alleged to have resulted from work-related incidents that occurred in Pennsylvania. (Def. SUMF, ECF No. 109-2 at ¶ 33).

After his termination, and a two-week delay, Plaintiff received unemployment benefits from the State of New Jersey. (Id. at ¶¶ 85–86).

On February 22, 2019, Plaintiff, through counsel, filed his complaint in the Superior Court of New Jersey, Law Division, Burlington County. (ECF No. 1 at 2). On March 29, 2019, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332. (Id.). Defendant filed its Answer on April 19, 2019. (ECF No. 8). On June 10, 2020, Plaintiff's counsel filed a Motion to Withdraw (ECF No. 15), which was granted on August 26, 2020 (ECF No. 22).

On November 13, 2020, Plaintiff, proceeding *pro se*, filed a Motion for Leave to File an Amended Complaint which was granted. (ECF Nos. 25, 34). On July 8, 2021, Plaintiff filed his Amended Complaint. (ECF No. 37). Defendant filed its Answer on August 5, 2021. (ECF No. 39). On April 18, 2022, Defendant filed a Motion for Leave to Amend its Answer to the Amended Complaint (ECF No. 65), which was granted in part and denied in part (ECF No. 78). Defendant filed its Amended Answer on December 9, 2022. (ECF No. 82). On January 19, 2023,

Plaintiff filed another Motion for Leave to File an Amended Complaint (ECF No. 88), which was denied (ECF No. 99).

On January 19, 2024, Defendant filed a Motion for Summary Judgment. (ECF No. 109). That same day Plaintiff filed a Motion for Summary Judgment (ECF No. 110), along with his separately filed Statement of Undisputed Material Facts (ECF No. 111) and Memorandum of Law (ECF No. 112). On February 6, 2024, Defendant filed its Response to Plaintiff's Motion for Summary Judgment. (ECF No. 113). Also on February 6, 2024, Plaintiff filed a "Cross Motion to Strike, and in Opposition to Defendant['s] Motion for Summary Judgment" (ECF No. 114), along with separately filed exhibits (ECF No. 115). Defendant filed its Reply in support of its Motion for Summary Judgment and in Opposition to Plaintiff's Motion to Strike on February 13, 2024. (ECF No. 116). Plaintiff filed his Reply in support of his Motion for Summary Judgment also on February 13, 2024. (ECF No. 117).

Plaintiff's Amended Complaint includes one Count, alleging disability discrimination and retaliation pursuant to the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.* (ECF 37 at 9).

### III. LEGAL STANDARD

#### A. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[W]hether to grant a motion to strike under Rule 12(f) is discretionary." *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *2 (D.N.J. Mar. 10, 2011). Motions to strike are generally disfavored. *U.S. v. Boston Scientific Neuromodulation Corp.*, No. 11-1210, 2014 WL 4402118, at *3 (D.N.J. Sept. 4, 2014) (citation omitted); *see, e.g., F.T.C. v.*

4

*Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) ("As a general matter, motions to strike under Rule 12(f) are highly disfavored."). Indeed, motions to strike will not be granted "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Boston Scientific Neuromodulation Corp.*, 2014 WL 4402118, at *3. Consequently, any doubt as to whether striking a pleading is appropriate "should be resolved in favor of the pleading." *Id.*

### B. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), courts may grant summary judgment when a case presents "no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there exists no genuine issue of material fact. *Baymont Franchise Sys. v. SB Hosp. Palm Springs, LLC*, No. 19-06954, 2022 WL 2063623, at *3 (D.N.J. June 8, 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

A genuine dispute of material fact exists only when there is sufficient evidence for a reasonable jury to find for the non-moving party. *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). When courts consider the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 346.

To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[I]f the nonmovant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477

U.S. at 249–50); *see Dunkin' Donuts Inc. v. Patel*, 174 F. Supp. 2d 202, 210 (D.N.J. 2001) ("[A] party does not raise a genuine [dispute] of material fact by speculation and conclusory allegations."). However, "[if] reasonable minds could differ as to the import of the evidence," summary judgment is not appropriate. *Anderson*, 477 U.S. at 250–51.

## IV.   DISCUSSION

This Court will first address Plaintiff's motion to strike, and then will proceed to the cross-motions for summary judgment.

### A. Motion to Strike

Plaintiff seeks to strike "both Mr. Newmark and Mr. Cevasco's testimony," disputing statements made in Newmark's Certification attached to Defendant's Motion for Summary Judgment, and disputing deposition testimony from both. (ECF No. 114-1 at 35).

Defendant responds that Federal Rule of Civil Procedure 12(f) only applies to pleadings, and thus is inapplicable at this stage. (ECF No. 116 at 16). Moreover, Defendant states that FRCP 12(f) relates to pleadings containing allegations that are "redundant, immaterial, impertinent, or scandalous." (Id. (quoting Fed. R. Civ. P. 12(f))). Defendant argues that "Plaintiff obviously does not like the substance of Bruce Newmark's certification or Cevasco's deposition testimony, but he has done nothing to establish any of it was redundant, immaterial, impertinent, or scandalous. He simply does not want such evidence considered because it fatally undermines his claims." (Id.).

While Federal Rule of Civil Procedure 12(f) is limited to the pleadings, there are other federal rules that may provide the basis for a motion to strike a certification attached to a motion for summary judgment. For example, where an affiant does not have personal knowledge of the averments in a certification or affidavit supporting a motion for summary judgment, a motion to

strike may be appropriate. *Fowler v. Borough of Westville*, 97 F. Supp. 2d 602, 607 (D.N.J. 2000) ("Affidavits speculating as to motivations but containing no factual support do not conform to the rule and statements prefaced by the phrases, 'I believe' or 'upon information and belief'. . . are properly subject to a motion to strike.").

With respect to deposition testimony, "there is no rule empowering the Court to strike deposition testimony prior to trial" and moreover, where the testimony the movant seeks to strike "is admissible, the Court must not exclude it as inadmissible evidence with respect to summary judgment." *Espersen v. Sugar Bay Club & Resort Corp.*, No. ST-14-CV-355, 2018 WL 6177341, at *1 (V.I. Super. Nov. 21, 2018).

Here, Plaintiff relies on Federal Rule of Civil Procedure 12(f) in support of his Motion to Strike, which is not appropriate at this stage. Moreover, even if this Court were to liberally construe his Motion and consider potentially appropriate legal theories for striking a certification or for disregarding certain deposition testimony, Plaintiff has not set forth any factual or legal basis to support such a motion. Rather, Plaintiff merely disputes statements made in the certifications and at depositions. Plaintiff's disagreement, however, does not render these documents improper or testimony inadmissible. Accordingly, Plaintiff's Motion to Strike is denied.

### B. Cross-Motions for Summary Judgment

Defendant moves for summary judgment arguing first that the NJLAD does not apply because Plaintiff was not employed in New Jersey. Defendant argues that even if the NJLAD applies that it is nonetheless entitled to summary judgment because Plaintiff fails to make a prima facie case of discrimination and/or retaliation, and further argues that even if he does so,

7

Plaintiff fails to demonstrate sufficient facts from which a jury could find Defendant's proffered non-discriminatory and non-retaliatory reasons for his termination were pretext.

As a threshold matter, this Court must first determine whether the NJLAD applies to Plaintiff. Plaintiff's single claim is for discrimination and retaliation under the NJLAD. Defendant argues the NJLAD does not apply because Plaintiff was a Pennsylvania employee. (ECF No. 109 at 18–19).

"The 'restriction on the extraterritorial application of the NJLAD is rooted in the well-settled understanding that New Jersey law regulates conduct in New Jersey, not outside the state.'" *Peikin v. Kimmel & Silverman, P.C.*, 576 F.Supp.2d 654, 657-658 (D.N.J. Aug. 21, 2008) (quoting *Buccilli v. Timby, Brown & Timby*, 660 A.2d 1261, 1263 (N.J. App. Div. 1995)). As such, the NJLAD is only applicable to circumstances in which the work location is in New Jersey. *See Peikin*, 576 F.Supp.2d. at 657 ("New Jersey courts have consistently applied the law of the *state of employment* to claims of workplace discrimination, and therefore only apply the NJLAD if the claimant was employed in New Jersey.") (internal quotation marks omitted) (emphasis in original); *see also Walters v. Safelite Fulfillment, Inc.*, No. 18-11111, 2019 WL 1399550 at *2, 2019 U.S. Dist. LEXIS 52355 at *6 (D.N.J. March 28, 2019) (same); *Mann v. Prince Telecom, LLC*, No. 12-06263, 2013 WL 3884189 at *3, 2013 U.S. Dist. LEXIS 104699 at *6–7 (D.N.J. July 26, 2013) (same). To that end, "under New Jersey law, a plaintiff's New Jersey residence alone is not sufficient to trigger application of the NJLAD." *Bowers v. NCAA*, 151 F. Supp. 2d 526, 531 (D.N.J. 2001); *see also Mann*, 2013 WL 3884189, at *3, 2013 U.S. Dist. LEXIS 104699, at *9 ("[A] plaintiff's state of residency does not determine whether that plaintiff may assert claims under the NJLAD."). To "mak[e] the rights of each of several co-

workers dependent on his or her state of residence would be an entirely unreasonable result." *Buccilli v. Timby, Brown & Timby*, 660 A.2d 1261, 1264 (N.J. Super. 1995) (citation omitted).

"The New Jersey Supreme Court has explained that a proper consideration to determine the applicability of the NJLAD is whether the alleged discriminatory behavior 'was expected or intended to cause injury in New Jersey.'" *Id.* at 532 (quoting *Blakey v. Continental Airlines, Inc.*, 164 N.J. 38, 751 A.2d 538, 555 (2000)).

Here, the alleged discriminatory behavior was Plaintiff's termination from his Pennsylvania-based employment. Considering the entire record, the fact that Plaintiff conducted a relatively small percentage of his employment from his residence in New Jersey does not trigger the protections of the NJLAD. Plaintiff was employed by, and for all intents and purposes, worked "out of" Pennsylvania dealerships. The record amply demonstrates that Plaintiff was employed in Pennsylvania. Plaintiff was hired as the Philadelphia Region Area Manager. (SUMF, ECF No. 109-2 at ¶ 6). "Plaintiff worked out of his car in the Philadelphia suburbs, spending 90% of his time there." (Id. at ¶ 7). The remaining 10% of the time he worked from home in New Jersey. (Id.). When Plaintiff began working at UACC he was initially assigned three New Jersey dealerships, but those dealerships elected not to work with UACC. (Id. at ¶ 8). Thus, at the time of his termination, Plaintiff had no work contacts or activities for his employer in New Jersey. Plaintiff avers that "there was always a plan to reactivate all deactivated dealerships in the future," however, it is undisputed that these New Jersey dealerships did not work with UACC at the relevant time of Plaintiff's termination. (Plaintiff's Response to Def. SUMF, ECF No. 114-3 at ¶ 8).

Plaintiff nevertheless insists that he was an New Jersey employee. (Pl. Response to Def. SUMF, ECF No. 114-3 at ¶ 95). In support of his assertion, he states that "Defendants were at all

9

times fully aware that Plaintiff was a 'New Jersey' employee, and conducting business on Defendants [sic] behalf while working out of an office in his residence in Edgewater Park, New Jersey. This 'fact' is fully verified by Defendants [sic] payroll filings with the state of New Jersey, wherein Defendants paid New Jersey taxes, New Jersey Unemployment and Disability taxes on behalf of Plaintiff." (Id.). However, as stated above, the fact that Plaintiff worked 10% of his time from his home in New Jersey and that he collected unemployment benefits from the State of New Jersey does not change the analysis of whether the NJLAD applies to this case. *See Kunkle v. Republic Bank*, No. 21-20245, 2023 WL 4348688, at *5 (D.N.J. July 5, 2023) (holding that the NJLAD did not apply where plaintiff was employed by the defendants' Pennsylvania office, despite the fact that she "worked remotely from her New Jersey home the last sixteen (16) months of her employment with Defendants; Defendants conducted business in New Jersey; and Plaintiff collected unemployment benefits from the State of New Jersey").

For all these reasons, the Court finds that the NJLAD does not apply because Plaintiff was not employed in New Jersey. Accordingly, Defendants' motion for summary judgment will be granted.[2]

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 109) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 110) and Motion to Strike (ECF No. 114) are **DENIED**. An appropriate Order accompanies this Opinion.

Date: May 23, 2024                                          */s/ Christine P. O;Hearn*
                                                            **Christine P. O'Hearn**
                                                            **United States District Judge**

---

[2] Since the Court finds that the NJLAD is not applicable, the Court need not address Defendant's substantive argument that Plaintiff fails to make a claim for discrimination and/or retaliation under the NJLAD.